UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH, | CASE NO. 1:09-cv-00808-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| WARDEN JAMES YATES, et al., | (Doc. 6) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff Michael LeNoir Smith, a state prisoner proceeding pro se in this civil rights, filed this action pursuant to 42 U.S.C. § 1983 on May 7, 2009.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff's complaint filed on May 7, 2009, was not signed and was stricken from the record. Plaintiff filed a signed complaint on June 3, 2009.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## II. Plaintiff's Claims

### A. Count One[2]

#### 1. Factual Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran. Plaintiff alleges that on April 22, 2008, while housed at Pleasant Valley State Prison, Defendant Lubken, a lieutenant, held a disciplinary hearing and found Plaintiff guilty of mutual combat with another inmate. As punishment, Plaintiff lost his appliances and quarterly packages for thirty days.

Plaintiff alleges that the loss of appliances is a punishment authorized only if the disciplinary incident at issue occurred in D4 of the administrative segregation unit (ad-seg). Plaintiff appealed the sanction as unauthorized, and also made a verbal inquiry. Plaintiff was told by Defendant Lubken and Defendant Spearman, the associate warden, that they had been discussing it in response to Plaintiff's letters and were unsure. Plaintiff was told to appeal the issue and let them know the outcome of the appeal. Plaintiff alleges that Defendants had "no reasonable answer" when asked how they could impose a sanction when they were not sure it was authorized. (Doc. 6, Comp., court record p. 6.)

///

---

[2] The events or incidents raised in the complaint are identified by Plaintiff as Counts One through Six.

Plaintiff filed an appeal and learned on his own that three other inmates were found guilty of disciplinary incidents which occurred outside of ad-seg but were not assessed an appliance loss as punishment. Plaintiff alleges that while Defendant Lubken told him verbally that the sanction was mandatory pursuant to a memorandum, she stated in writing in an informal response that Defendants Spearman and Walker supported her decision to impose the sanction because it was discretionary. Plaintiff's appeal was subsequently denied at the informal level of review by Defendant Herrera and at the Director's level of review by Defendant Hutchins.

Plaintiff alleges that the sanction imposed against him violated his right to due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff further alleges that because he was treated differently than the three other inmates, his right to equal protection under the Fourteenth Amendment was violated. Finally, Plaintiff alleges that staff members were constantly imposing upon him sanctions not imposed on other prisoners because of his litigation activities.

Plaintiff seeks to impose liability on Defendant Lubken for assessing an unauthorized sanction against, and on Defendants Walker, Spearman, Herrera, Huckabay, and Hutchins for failing to properly investigate Plaintiff's complaints regarding the matter and set aside the sanction.

### 2. Due Process Claims

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

1  The loss by Plaintiff of his appliances and quarterly packages for thirty days does not
2  constitute atypical and significant hardship. Id. at 484; Myron, 476 F.3d at 718. Because Plaintiff
3  does not have a protected liberty interest at stake with respect to the thirty-day deprivation of either
4  his appliances or his quarterly packages, Plaintiff may not pursue a claim for denial of due process
5  resulting from the imposition of those sanctions.

6  Further, the existence of an administrative remedy process does not create any substantive
7  rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza,
8  334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v.
9  Helman, 259 F.3d 641, 647 (7th Cir. 2001). Therefore, Plaintiff's disagreement with the decisions
10 of the defendants reviewing his appeal and his dissatisfaction with the depth and/or competency of
11 their review of his appeal cannot support a viable due process claim. Id.

12 Plaintiff's due process claims fail as a matter of law. Because the deficiencies are not
13 capable of being cured through amendment, the Court recommends that they be dismissed, with
14 prejudice.

### 3. Cruel and Unusual Punishment Claim

16 The Eighth Amendment protects prisoners from inhumane methods of punishment and from
17 inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
18 Extreme deprivations are required to make out a conditions of confinement claim, and only those
19 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form
20 the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995
21 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth
22 Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew
23 of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511
24 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

25 Plaintiff's claim that the loss of his appliances and quarterly packages for thirty days violated
26 the Eighth Amendment is legally frivolous, and the Court recommends it be dismissed, with
27 prejudice.
28 ///

### 4.     **Equal Protection Claim**

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382 (1982)). An equal protection claim may be based upon a showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, see e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or upon a showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000).

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Id. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Here, Plaintiff's bare allegation that he was treated differently than at least three other inmates is insufficient to state a claim. Plaintiff's complaint is devoid of any facts demonstrating that he was intentionally discriminated against by Defendant Lubken, either as a member of a protected class or without a rational relationship to a legitimate governmental purpose. In an abundance of caution, the Court recommends dismissal of this claim with one opportunity to amend.

### 4.     **Retaliation Claim**

Finally, "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

///

5

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although Plaintiff alleges that word was out that he was a litigator and that he was constantly being subjected to sanctions not imposed on other inmates, those vague allegations are not sufficient to state a viable retaliation claim against Defendant Lubken. Plaintiff has alleged no specific facts supporting a claim that Defendant Lubken took adverse action against him that did not reasonably advance a legitimate correctional goal because of his litigation activities. Therefore, Plaintiff fails to state a retaliation claim. The Court cannot find that this claim is fatally deficient and therefore recommends that it be dismissed with one opportunity to amend.

### B. Counts Two Through Six Precluded by Rule 18(a)

Count two alleged in the complaint arises from the failure to provide Plaintiff with adequate outdoor exercise between April 17, 2008, and October 9, 2008. Plaintiff seeks to impose liability on Defendants Gray, Fogel, Mattingly, Hodges Wilkins, Warren, Grannis, and Yates for failing to remedy the situation when he complained of it in an inmate appeal.

In count three, Plaintiff alleges that he was arrested for the rape of his cellmate by Defendants Davis, Deathridge, and Dutra, after which he was taken to a hospital for a rape kit to be conducted. Plaintiff alleges that his due process rights were violated because the Department of Justice never received his DNA and it is missing.

Count four arises from Plaintiff's allegedly adverse transfer to Kern Valley State Prison.

In court five, Plaintiff alleges that following his transfer to Kern Valley State Prison, mail from his mother was withheld and/or confiscated by Defendant Jackson.

Finally, count six arises from Plaintiff's allegedly retaliatory placement on May 18, 2009, in "the bubble dungeon" at SATF, Plaintiff's present institution of incarceration.

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against

Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff may not proceed with a "mishmash of a complaint," George, 507 F.3d at 607, and therefore, the Court recommends that the claims Plaintiff alleges in counts two through six be dismissed from this action, without prejudice to being raised in a separate action.[3] Id.

### III. Conclusion and Recommendation

Count one in Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court recommends Plaintiff be granted leave to amend his equal protection and retaliation claims against Defendant Lubken, and Plaintiff's due process and Eighth Amendment claims be dismissed, with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The claims set forth in counts two through six violate Rule 18(a), and the Court recommends that they be dismissed from this action, without prejudice. George, at 607.

For the reasons set forth herein, it is HEREBY RECOMMENDED that:

1. Counts two through six as identified in the complaint be dismissed from the action, without prejudice, pursuant to Rule 18(a);
2. Plaintiff's due process and Eighth Amendment claims alleged in court one be dismissed, with prejudice, for failure to state a claim under section 1983; and
3. Plaintiff be granted leave to file an amended complaint, limited to curing the deficiencies in his equal protection and retaliation claims against Defendant Lubken as alleged in court one.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[3] The Court expresses no opinion on the merits of the claims raised in courts two through six.

**days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **December 15, 2009**         /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE